UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:18-cv-60059-WJZ

FELIPE JIMINEZ TOLEDO,

    Plaintiff,

vs.

AUTHENTIC HOSPITALITY GROUP,
INC., and MONICA ANGULO

    Defendants.

_____ /

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

The Defendants, AUTHENTIC HOSPITALITY GROUP, INC ("AHG") and MONICA ANGULO, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and would show:

## **ANSWER**

1. Defendants admit Paragraphs 2, 7 and 8 of Plaintiff's Complaint.

2. Defendants deny Paragraphs 1, 6, 10, 11, 12, 14, 15, and 16 of Plaintiff's Complaint and demand strict proof thereof.

3. In reference to Paragraph 3 of Plaintiff's Complaint, Defendants admit AHG is a corporation based in Broward County, Florida. Defendants deny the remaining allegations in said paragraph and demand strict proof thereof.

4. In reference to Paragraph 4 of Plaintiff's Complaint, Defendants admit ANGULO is a corporate owner of AHG. Defendants deny the remaining allegations in said paragraph and demand strict proof thereof. Defendants further note there is only one Defendant "corporation", not the Defendant "corporations" asserted in said paragraph.

5. In reference to Paragraph 5 of Plaintiff's Complaint, Defendants admit venue is proper in Broward County, Florida. Defendants deny the remaining allegations in said paragraph and demand strict proof thereof.

6. In reference to Paragraph 9 of Plaintiff's Complaint, Defendants admit Plaintiff was an employee of AHG. Defendants deny the remaining allegations in said paragraph and demand strict proof thereof.

7. In reference to Paragraph 13 of Plaintiff's Complaint, Defendants admit AHG had gross revenues in excess of $500,000 during the relevant time frame. Defendants deny the remaining allegations in said paragraph as stated and demand strict proof thereof.

8. Any allegation not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

9. For a first separate and distinct defense, Defendants assert, to the extent Plaintiff attempts to bring this action on behalf of other similarly situated employees, that there are no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

10. For a second separate and distinct defense, Defendants assert that none of their actions were "willful" as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

11. For a third separate and distinct defense, Defendants assert that the Plaintiff's claim (or any opt-in Plaintiff's claim) for liquidated damages is barred because Defendants, at all times material hereto, acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

12. For a fourth separate and distinct defense, Defendants assert that all or part of the Plaintiff's claim (or any opt-in Plaintiff's claim) is barred by the applicable statute of limitations.

13. For a fifth separate and distinct defense, Defendants assert Plaintiff's claim (or any opt-in Plaintiff's claim) is barred by the estoppel provisions of the Portal-to-Portal Act, to the extent Plaintiff purports to bring this action as a representative action.

14. For a sixth separate and distinct defense, Defendants assert Plaintiff's claim (or any opt-in Plaintiff's claim) is barred because Defendants, at all times material hereto, acted in good faith in conformity with and in reliance on written administrative regulations orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

15. For a seventh separate and distinct defense, Defendants assert Plaintiff's claim (or any opt-in Plaintiff's claim) is barred by the "*de minimus*" doctrine.

16. For an eighth separate and distinct defense, Defendants assert Plaintiff's claim (or any opt-in Plaintiff's claim) is barred to the extent any hours worked by the Plaintiff (or any opt-in Plaintiff) over forty in any particular workweek was without the knowledge, either actual or constructive, of the Defendants.

17. For a ninth separate and distinct defense, Defendants assert Plaintiff's claim (or any opt-in Plaintiff's claim) is barred because he has been properly paid for all hours worked, including overtime.

18. For a tenth separate and distinct defense, Defendants state that to the extent Plaintiff (or any opt-in Plaintiff) is entitled to recover any unpaid overtime compensation, Plaintiff (or any opt-in Plaintiff) is only entitled to a half-time rate for those overtime hours.

19. For an eleventh separate and distinct defense, Defendants state that to the extent Plaintiff (or any opt-in Plaintiff) obtains any recovery based upon the FLSA claims, Plaintiff's (or any opt-in Plaintiffs') claims for attorneys' fees and costs are barred based on the authority of *Goss v Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

20. For a twelfth separate and distinct defense, Defendants state Plaintiff's claim is barred by the doctrine of unclean hands.

21. For a thirteenth separate and distinct defense, the Defendants assert that all its business is local and that it performs no work that would constitute "interstate commerce" or otherwise fall within the ambit of interstate commerce.

22. For a fourteenth separate and distinct defense, the Defendants assert that every portion of Plaintiff's claims, arising more than two years prior to the date upon which the claim was filed is barred by the limitations period set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C. §255.

23. For a fifteenth separate and distinct defense, the Defendants assert that Plaintiff was subject to the managerial exemption for some or all of the time period claimed in the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever under the allegations set forth in the Complaint. Defendants request that the Court dismiss the claims with prejudice in their entirety, and that Defendants be awarded costs, non-taxable expenses, taxable costs, interest on those amounts as required by law, and such further relief that this Court may deem appropriate.

Dated: February 6, 2018

> EISS MASSILLON, P.L.
> Attorneys for Defendants
> 7951 SW 6th Street, Suite 308
> Plantation, Florida 33324
> (954) 914-7890 (Telephone)
> (855) 423-5298 (Facsimile)
>
> By:  /s/ CHARLES EISS
> CHARLES M. EISS, Esq.
> Fla. Bar #612073
> Chuck@eissmassillon.com
> LINDSAY M. MASSILLON, Esq.
> Fla. Bar #92098
> Lindsay@eissmassillon.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            s/ Charles Eiss
            CHARLES EISS, ESQ.

SERVICE LIST

United States District Court
Southern District of Florida
*Toledo v. Authentic Hospitality Group, Inc. and Angulo*
Case No.: 0:18-cv-60059-WJZ

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: chuck@eissmassillon.com
Lindsay M. Massillon, Esq.
Florida Bar No. 92098
Email: lindsay@eissmassillon.com
EISS MASSILLON, P.L.
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
Tel: (954) 914-7890
Fax: (855) 423-5298

Attorneys for Defendants


J.H. Zidell, Esq.
Fla. Bar No. 0010121
zabogado@aol.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone 305-865-6766
Facsimile 305-865-7167

Attorneys for Plaintiffs