UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-60059

FELIPE JIMENEZ TOLEDO, and all others )
similarly situated under 29 U.S.C. 216(b), )
       Plaintiffs, )
  vs. )
)
AUTHENTIC HOSPITALITY GROUP INC., )
d/b/a I LOVE TACOS RESTAURANT, )
MONICA ANGULO, )
       Defendants. )
_____ )

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND DISCOVERY RESPONSES**

COMES NOW the Plaintiff, by and through the undersigned, and files this Motion to Compel Depositions and Discovery Responses, and in support thereof states as follows:

1. Per the Parties Scheduling Report [D.E. 14], the deadline for conducting discovery is September 7, 2018. Trial may be scheduled for the two-week calendar commencing on January 21, 2019. While this has not been adopted by the judge yet the parties previously agreed on these dates and filed the Joint Scheduling Report [D.E. 14] on March 6, 2018.

2. This case has been delayed ever since opposing counsel moved to withdraw [D.E. 19] on May 24, 2018.

3. Plaintiff opposed Defendant's Motion to Withdraw [D.E. 20] only based on requiring the Defendants to obtain new counsel within twenty (20) days.

4. Written discovery was sent to Defendants on April 16, 2018. Therefore, the discovery responses were initially due May 16, 2018. A true and correct copy of all discovery sent to Defendants is attached hereto as Exhibit 1.

5. However, defense counsel requested an extension to respond to our discovery responses which Plaintiff provided through May 25, 2018.

6. It was only one day before these discovery answers were due that defense counsel moved to withdraw.

7. In addition, prior to defense counsel moving to withdraw, the depositions of the Defendants were set on June 8, 2018.

8. After conferring with opposing counsel whether him or his clients would be attending their duly scheduled depositions opposing counsel informed our office he was not coming and was unable to tell our office whether Defendants would show up.

9. On June 8, 2018, Defendants never appeared for their duly scheduled depositions. See attached copy of the Certificate of Non-Appearance attached hereto as Exhibit 2.

10. The Court has yet to rule on Defense Counsel's Motion to Withdraw which has put discovery completely on hold.

11. It is for the above reasons that all admissions should be deemed admitted and all objections are waived since Defendants missed the first and second deadline to respond to discovery requests.

12. In addition, Plaintiff requests that the Defendants depositions are ordered to take place within thirty (30) days of the signing of this Court's Order.

13. Plaintiff requests that Defendants answer all discovery requests within twenty (20) days from the date of signing the Order.

14. Lastly, Plaintiff requests all attorneys' fees incurred in making this motion as provided within the General Order on Discovery Objections and Procedures, Section E.

15. Plaintiff has made a bona-fide effort with opposing counsel to obtain more complete responses to the discovery through numerous email communications and phone calls.

## MEMORANDUM OF LAW- TO COMPEL DEPOSITIONS

The Court has authority pursuant to FRCP 37(a) to compel the depositions. *Hepperle v. Johnston et al.*, 590 F.2d 609, 612 (5th Cir. 1979). The foregoing should constitute good cause to compel said depositions.

Pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

**WHEREFORE**, Plaintiff respectfully requests the Court award Plaintiff all attorneys' fees incurred in filing the instant Motion, along with all fees and costs associated with the depositions scheduled to occur on June 8, 2018, including attorney's fees in preparing for said depositions, Certificate of Non-Appearance/Court Reporter, and all related work. The fact that the depositions did not proceed as noticed has frustrated Plaintiff's ability to establish record evidence to present to the Jury and Plaintiff cannot let the discovery burn-out and prejudice his case.

## MEMORANDUM OF LAW- TO COMPEL DISCOVERY

Under Fed. R. of Civ. P. 33 and 34, parties must respond to requests for production within thirty days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required

by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production of inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. Lumbermans Mut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or

otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Defendants have not provided Plaintiff with any documents responsive to Plaintiffs initial discovery requests and have not even served responsive pleadings. As such, Defendants' refusal to provide any evidence concerning the issues present in Plaintiff's overtime wage violation action along with all responsive documents has inhibited Plaintiff's ability to prosecute the issues present in this matter.

Plaintiff needs the said responsive discovery documents to address issues relevant to the case at bar to establish a factual record that can be presented to the Court and/or Jury. Plaintiff respectfully requests Plaintiff be awarded all attorneys' fees incurred in relation to this Motion and all related work associated with same.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this motion, direct Defendants to respond to all discovery requests and award Plaintiff all fees and costs accrued in connection with this motion.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO COMPEL THE DEPOSITIONS OF AUTHENTIC HOSPITALITY GROUP INC D/B/A I LOVE TACOS RESTAURANT AND MONICA ANGULO WITHIN THIRTY (30) DAYS OF THE SIGNING OF THIS ORDER. PLAINTIFF SEEKS AN ORDER AWARDING PLAINTIFF'S COUNSEL ALL COSTS AND FEES RELATED TO PREPARING FOR THE DEPOSITIONS OF AUTHENTIC HOSPITALITY GROUP INC D/B/A I LOVE TACOS RESTAURANT AND MONICA ANGULO ON JUNE 8, 2018, COSTS ASSOCIATED WITH THE CERTIFICATE OF NON-APPEARANCE/COURT REPORTER APPEARANCE AT SAME, FOR HAVING

TO FILE THE INSTANT MOTION, AND TWENTY (20) DAYS TO FILE A MOTION TO QUANTIFY ALL FEES AND COSTS.

WHEREFORE, PLAINTIFF ALSO RESPECTFULLY MOVES THIS COURT TO COMPEL THE FOLLOWING DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIRST INITIAL DISCOVERY REQUESTS:

a. PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS;

b. PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANTS; and

c. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

WITHOUT OBJECTIONS AND DEEMING ALL ADMISSIONS WAIVED WITHIN TWENTY (20) DAYS OF THIS COURT'S ORDER AND AWARD PLAINTIFF ALL FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION.

## **CERTIFICATE OF CONFERRAL**

Plaintiff emailed opposing counsel asking whether he opposed our motion to compel and his only response was apparently due to the motion to withdraw: pursuant to the Florida Bar rules, I am unable to take a position and I am also unable to file a response to the motion per the same rules.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**


**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 6/12/18 TO:**
**ALL CM/ECF RECIPIENTS**

**CHARLES MERRILL EISS, ESQ.**
**ATTORNEY FOR DEFENDANTS**
**EISS MASSILLON, P.L.**
**7951 SW 6TH STREET**
**SUITE 308**
**PLANTATION, FL 33324**
**PH: 954-914-7890**
**FAX: 855-423-5298**
**EMAIL: CHUCK@EISSMASSILLON.COM**

**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**