UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60059-CIV-JEM/SNOW

FELIPE JIMENEZ TOLEDO, and
all others similarly situated under
29 U.S.C. 216(b),

        Plaintiffs,

        vs.

AUTHENTIC HOSPITALITY
GROUP INC., d/b/a I LOVE
TACOS RESTUARANT, MONICA
ANGULO,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Attorneys' Fees and Costs Against Defendant Monica Angulo (ECF No. 79), which was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation.  The Defendant did not respond to the motion and it is ripe for consideration.

This was an action for unpaid wages under the Fair Labor Standards Act (FLSA).  On February 14, 2020, following the Defendants' failure to appear at a settlement conference, Default Final Judgment was entered in favor of the Plaintiff. (ECF No. 71).  On February 27, 2020, this Court extended the Plaintiff's time for filing a motion for attorneys' fees and costs until May 1, 2020.  (ECF No. 73)  Thereafter, the Plaintiff engaged efforts to collect on his judgment. (ECF Nos. 74-75, 78)

The Plaintiff seeks an award of attorney's fees in the amount of $19,947.50, representing 59.1 hours of work by members of the law firm J.H. Zidell, P.A. at rates ranging from $100.00 to $390.00 per hour.  Specifically, the Plaintiff

claims 24.9 hours of work by attorney J.H. Zidell at the hourly rate of $390.00; 4.6 hours by attorney Karl David Kelly at the hourly rate of $350.00; 6.1 hours by attorney Rivkah Jaff, 14.7 hours by attorney Natalie Staroschak and .1 hours by attorney David M. Nudel, each at the hourly rate of $285.00; 7.2 hours by attorney Lisa Kuhlman at the hourly rate of $350.00, and 1.5 hours by paralegal Lisa Novick at the hourly rate of $100.00. (ECF No. 79 at 6)  The Plaintiff also asks the Court to tax costs in the amount of $881.90, representing $400.00 in fees of the Clerk (filing fee); $80.00 for service of process on the two Defendants; $70.00 for service of the writ of garnishment on Citibank; $75.00 in court reporter fees for the Plaintiff's deposition, $204.00 in interpreter fees and $52.90 in photocopying (PACER) and docket fees.  (ECF No. 79-1 at 7)

## I. <u>DISCUSSION</u>

### A. <u>Attorneys' Fees</u>

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  <u>Id</u>. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." <u>Id</u>. at 433-34.  Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In the instant case, the Plaintiff has complied with the requirements of Local Rule 7.3, which governs motions for attorneys' fees. Regarding the qualifications of the timekeepers, the Plaintiff states: Mr. Zidell has handled hundreds of FLSA cases during the past 21 years; Ms. Jaff has handled numerous FLSA cases for 4.5 years; Mr. Kelly has handled FLSA cases for 11 years; Ms. Staroschak has handled FLSA cases for 2.5 years; Ms.Kuhlman has handled labor and employment cases for 20 years; Mr. Nudel has been practicing law for 3 years, and Ms. Novick has been a paralegal for 11

years.  (ECF No. 79 at 4-5)  The undersigned finds that the claimed rate of $285.00 - $390.00 per hour for attorneys and $100.00 per hour for a paralegal are within the range of rates charged in the Southern District of Florida for similar services by legal professionals of reasonably comparable skills, experience and reputation.  Based on a careful review of the record in this cause and the billing statements of counsel for the Plaintiff (ECF No. 79-1), the undersigned further finds that the total of 59.1 hours is a reasonable amount of time to have spent on the case.  Therefore, the requested fee award of  $19,947.50 should be granted.

**B. <u>Costs</u>**

The Plaintiff seeks an award of costs in the total amount of $891.90, representing $400.00 in fees of the Clerk (filing fee); $80.00 for service of process on the two Defendants; $70.00 for service of the writ of garnishment on Citibank; $75.00 in court reporter fees for the Plaintiff's deposition, $204.00 in interpreter fees and $52.90 in photocopying (PACER) and docket fees.  (ECF No. 79-1 at 7, 79-2) Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.  Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.  <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

4

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the $400.00 filing fee clearly is taxable as a fee of the Clerk, and the $204.00 in interpreter's fees likewise are compensable. Plaintiff also seeks to tax costs in the amount of $150.00, consisting of $80.00 for service of process on each of the two Defendants and $70.00 for service of the writ of garnishment on Citibank.  The Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the defendants, but this is permissible provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  E.E.O.C. v. W&O, Inc., 213 F. 3d 600, 624 (11th Cir. 2000).  The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3).  Since the total claimed cost of $150.00 does not exceed that which would have been charged by the Marshal, it should be awarded.

The Plaintiff also seeks $75.00 in court reporter attendance fee for the Plaintiff's deposition, but not for a deposition transcript.  Since 28 U.S.C. §1920(2) permits taxation of fees for printed or electronically recorded transcripts necessarily obtained for use in the case, this cost is not recoverable.  Similarly, the claimed $50.00 for PACER fees and $2.90 for postage are not taxable under § 1920.  See, Duckworth v. Wisenant, 97 F.3d 1393, 1399 (11th Cir. 1996);  Doria v. Class Action Services LLC, 261 F.R.D. 678, 685 (S.D.Fla. 2009).  Accordingly, these costs should not be taxed, and the Plaintiff's award for taxable costs should be $764.00.

## II. <u>CONCLUSION</u>

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Verified Motion for Attorneys' Fees and Costs Against Defendant Monica Angulo (ECF No. 79) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $19,947.50 and costs in the amount of $764.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 20th day of May, 2020.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: All counsel of record and pro se parties